UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

MANUEL ALBELO,

    Plaintiff,

vs.

MASON VITAMINS, INC.,
a Florida corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Mason Vitamins, Inc., through its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, and removes to this Court the civil action styled *Manuel Albelo v. Mason Vitamins, Inc.*, which was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2020-024189-CA-01, (the "State Action"). As grounds for removal, Defendant states as follows:

    1.    On November 10, 2020, Plaintiff filed his Complaint in the State Action asserting two claims: Count I: Age Discrimination (ADEA) and Count II: – Intentional Infliction of Emotional Distress.

    2.    Defendant was served with Plaintiff's Complaint on November 24, 2020.

    3.    In accordance with 28 U.S.C. §1446(a), true and correct copies of all documents that have been filed in the State Action and served upon Defendant as of the date of filing this Notice of Removal are attached hereto as "**Composite Exhibit A.**"

4.      Under federal question jurisdiction, the district courts of the United States "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Furthermore, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

5.      Removal of the State Action to this Court is appropriate because this Court has original (federal question) jurisdiction over Count I of the Complaint, which arises under a federal statute, the Age Discrimination in Employment Act – 29 U.S.C. § 621 *et al.* (the "ADEA"), *see* 28 U.S.C. §§ 1441(a) and 1331, and may properly exercise supplemental jurisdiction over the claim asserted in Count II of the Complaint, which claim is part of the same case or controversy and arises out of the same facts and circumstances as the claim asserted in Count I.  *See* 28 U.S.C. §§ 1441(a), 1331, and 1367(a).

6.      This Notice of Removal is being timely filed within thirty (30) days of Defendant being served with Plaintiff's Complaint in the State Action, in accordance with the requirements of 28 U.S.C. § 1446(b).

7.      A copy of this Notice, along with a separate Notice of Filing Notice of Removal, is simultaneously being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

8.      Pursuant to 28 U.S.C. § 1441(a), the removal of the State Action to the United States District Court for the Southern District of Florida is proper because this district embraces

- 3 -

the place in which the State Action has been pending, *i.e.*, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant requests that the State Action be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and that it proceed in the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Date:   December 14, 2020

Respectfully submitted,

By: */s/ Christopher S. Duke*
    **Christopher S. Duke** (Fla. Bar No. 901740)
    Email: christopher.duke@akerman.com
    **Melissa S. Zinkil** (Fla. Bar No. 653713)
    Email: melissa.zinkil@akerman.com
    **AKERMAN LLP**
    777 South Flagler Drive
    Suite 1100 West Tower
    West Palm Beach, FL  33401-6183
    Telephone: (561) 653-5000
    Facsimile: (561) 659-6313

    *Attorneys for Defendant, Mason Vitamins, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Christopher S. Duke*
Christopher S. Duke
Florida Bar No. 901740

## SERVICE LIST

Henry Hernandez, Esq.
**LAW OFFICE OF HENRY FERNANDEZ, P.A.**
2655 S Le Jeune Road, Suite 802
Coral Gables, FL 33134-5814
Telephone: (305) 771-3374
Email: henry@hhlawflorida.com
*Co-counsel for Plaintiff*

*Service via CM/ECF*

Monica Espino, Esq.
**ESPINO LAW, P.L.**
2655 S Le Jeune Road, Suite 802
Miami, FL 33134-5814
Telephone: (305) 704-3172
Facsimile:  (305) 722-7378
Email: me@espino-law.com
*Co-counsel for Plaintiff*

*Service via CM/ECF*